IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-153-D
No. 7:22-CV-182-D

| | |
|---|---|
| CRYSTAL DENISE JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 25, 2022, Crystal Denies James ("James" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct her 168-month sentence [D.E. 92]. That same day, James moved for leave to proceed in forma pauperis [D.E. 93] and moved to appoint counsel [D.E. 94]. On January 13, 2023, the government moved to dismiss James's motion [D.E. 101] and filed a memorandum in support [D.E. 102]. On January 19, 2023, the court notified James of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 104]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). James did not reply. As explained below, the court grants the government's motion to dismiss, dismisses James's section 2255 motion, and denies James's motion for leave to proceed in forma pauperis and motion to appoint counsel.

I.

On June 17, 2020, pursuant to a written plea agreement, James pleaded guilty to distribution of a quantity of a mixture and substance containing heroin, acetyl fentanyl, and fentanyl (count one), possession with intent to distribute 100 grams or more of a mixture and substance containing heroin,

acetyl fentanyl, and fentanyl (count two), and being a felon in possession of a firearm (count three). See [D.E. 36, 37]; Rule 11 Tr. [D.E. 67]. On December 10, 2020, the court held James's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Civ. P. 32(i)(3)(A)–(B); [D.E. 57, 58]; PSR [D.E. 54]; Sentencing Tr. [D.E. 68] 4. After resolving James's objections, the court calculated James's total offense level to be 31, her criminal history category to be III, and her advisory guideline range to be 135 to 168 months' imprisonment on counts one and two and 120 months' imprisonment on count three. See Sentencing Tr. at 9–10. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced James to 168 months' imprisonment on counts one and two and 120 months' imprisonment on count three, all to run concurrently. See id. at 14–19; [D.E. 58]. James appealed. See [D.E. 60]. On October 14, 2021, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in James's plea agreement and dismissed the appeal. See [D.E. 72, 73, 74].

On September 20, 2021, James moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 69]. On April 5, 2022, the court denied James's motion for compassionate release [D.E. 86].

II.

In James's section 2255 motion, James argues that her trial counsel was ineffective by failing to object when the court sustained defense counsel's objection and removed her armed career criminal designation and thereby lowered her advisory guideline range. See [D.E. 92] 4; cf. Sentencing Tr. at 4–10.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency.

2

See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to

3

permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, James must show that her attorney's performance fell below an objective standard of reasonableness and that she suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks her guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

James alleges that her counsel was ineffective by failing to object when the court sustained counsel's objection and removed her armed career criminal designation. See [D.E. 92] 4. Before and during James's sentencing hearing, her counsel objected to her armed career criminal designation. See [D.E. 54] 18. Her counsel also argued at length against application of the armed career criminal designation at the sentencing hearing. See Sentencing Tr. at 4–10. The court sustained the objection, found for James, struck the armed career criminal designation, and lowered

4

the advisory guideline range from 188–235 months' imprisonment to 135–168 months' imprisonment. See id. at 9–10. Accordingly, there was no deficient performance. See Strickland, 466 U.S. at 691.

Alternatively, James has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have received a different total sentence if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. James has not plausibly alleged that counsel could have done something differently to obtain a different total sentence. This court considered James's history and characteristics. The court also considered the horrific nature of James's conduct, her lack of cooperation, and the need to protect society from James. Moreover, in imposing the sentence, the court noted that even if it miscalculated the advisory guideline range, it would impose the same sentence as a variant sentence. See Sentencing Tr. at 19–20. This court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced James. See Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Thus, James has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

If James is challenging the validity of her advisory guideline range, she cannot use section 2255 to attack her advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be

5

raised in a § 2255 proceeding."). Accordingly, to the extent James challenges her advisory guideline range, her claim fails.

After reviewing the claims presented in James's motion, the court finds that reasonable jurists would not find the court's treatment of James's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 101] and DISMISSES petitioner's section 2255 motion [D.E. 92]. The court DENIES petitioner's motion to proceed in forma pauperis [D.E. 93], petitioner's motion to appoint counsel [D.E. 94], and a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 21 day of April, 2023.

JAMES C. DEVER III
United States District Judge

6